UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KEVIN A GILBERT, et al., <br><br> Plaintiffs, <br><br> v. <br><br> STEPHEN SINCLAIR, <br><br> Defendant. | Case No. 3:18-cv-06040-BHS-TLF <br><br> REPORT AND RECOMMENDATION <br><br> NOTED: JUNE 7, 2019 |

Before the Court is defendant Stephen Sinclair's motion to dismiss pursuant to Federal Rule of Civil Procedure (FRCP) 12(b)(6). Dkt. 18. Plaintiffs Kevin Abdul Gilbert, Syeve J. Richardson, and Kenneth R. Alston oppose the motion. Dkt. 22. The undersigned recommends that the Court grant the motion to dismiss, with prejudice, because plaintiffs have not alleged facts sufficient to state an Eighth Amendment claim or any other cause of action against defendant.

## BACKGROUND

Plaintiffs allege the following in their amended complaint, Dkt. 15: Plaintiffs are inmates at Stafford Creek Corrections Center. Defendant is the Secretary of the Washington State Department of Corrections. Defendant has been unlawfully deducting money for "cost of

REPORT AND RECOMMENDATION - 1

incarceration" and "cost of incarceration suspense" from each plaintiff's prison account for several years. For plaintiff Gilbert, the unlawful deductions began on February 3, 2006; for plaintiff Richardson, they began on July 7, 1995; and for plaintiff Alston, they began on June 6, 2008. Plaintiffs allege these deductions violate plaintiffs' rights under the Eighth Amendment. They also allege that this puts defendant in contempt of plaintiffs' state-court judgment-and-sentence orders, which waived costs of incarceration.

Plaintiffs seek a refund of the unlawfully deducted funds, and they request a penalty of $2,500 per day for each day of defendant's unconstitutional conduct, and "a finding of contempt and order of remedial sanction of the statutory maximum of $2,000" for each day defendant has been in contempt. Dkt. 15, p. 7 (capitalization altered).

Plaintiffs attached to their complaint copies of the grievances they submitted and responses they received, inmate kiosk exchanges with Department of Corrections staff, prison trust account statements, and their judgment and sentence orders. Dkt. 15, Exhibits A, B, C, D, E.

## STANDARD OF REVIEW

If the complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level" then dismissal under FRCP 12(b)(6) is warranted. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007). When reviewing a motion to dismiss a civil rights complaint brought by a pro se plaintiff, the District Court is "required to interpret the pro se complaint liberally." *Sause v. Bauer*, 138 S. Ct. 2561, 2563 (2018) (per curiam).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 556, 570).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (internal citations omitted). However, the pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

While the Court must accept all the allegations contained in a complaint as true, the Court does not have to accept a "legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). While the Court is to construe a complaint liberally, such construction "may not supply essential elements of the claim that were not initially pled." *Pena*, 976 F.2d at 471.

## DISCUSSION

Plaintiff brought his complaint under the Civil Rights Act, 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege facts showing (1) the conduct about which he complains was committed by a person acting under the color of state law; and (2) the conduct deprived him of a federal constitutional or statutory right. *Naffe v. Frey*, 789 F.3d 1030, 1035-36 (9th Cir. 2015). The plaintiff must allege that the defendant personally participated in the deprivation of federal constitutional or statutory rights. *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1069 (9th Cir. 2012).

Plaintiffs allege two separate legal bases for their § 1983 claim: The Eighth Amendment and their state-court judgment-and-sentence orders.

A.  Eighth Amendment

    1.  Cruel and Unusual Punishment

In moving to dismiss plaintiff's Eighth Amendment claims, defendant contends that plaintiffs fail to state a claim that defendant violated their right against cruel and unusual punishment. However, liberally construing the pro se complaint, it alleges that defendant is violating the Excessive Fines Clause under the Eighth Amendment. *See Alexander v. United States*, 509 U.S. 544, 558 (1993) ("Unlike the Cruel and Unusual Punishments Clause, which is concerned with matters such as the duration or conditions of confinement, '[t]he Excessive Fines Clause limits the government's power to extract payments, whether in cash or in kind, as punishment for some offense.'" [quoting *Austin v. United States*, 509 U.S. 602, 609-10 (1993)]).

The complaint contains no reference to cruel and unusual punishment. *See* Dkt. 15. While it uses the term "condition of confinement," Dkt. 15, pp. 2, 5, 9, 12, it does so in alleging that defendant unlawfully deducted money from plaintiffs' prison trust accounts. Further, plaintiff does not assert a cruel-and-unusual-punishment claim in responding to defendant's motion to dismiss. *See* Dkt. 22.

    2.  Excessive Fines

"Two questions are pertinent when determining whether the Excessive Fines Clause has been violated: (1) Is the statutory provision a fine, i.e., does it impose punishment? and (2) If so, is the fine excessive?" *Wright v. Riveland*, 219 F.3d 905, 915 (9th Cir. 2000). "[T]he first question determines whether the Eighth Amendment applies; the second determines whether the Eighth Amendment is violated." *Id.* (internal quotation marks omitted).

REPORT AND RECOMMENDATION - 4

1    Washington law requires that all funds that are sent, brought, or earned by an inmate be
2    deposited in a personal account. RCW 72.11.020. The Secretary of the Washington State
3    Department of Corrections (DOC) has authority to disburse money from that account to satisfy a
4    court-ordered legal financial obligation to the court. RCW 72.11.020. The Secretary must also
5    make deductions from inmates' wages, gratuities, and benefits according to a formula that
6    complies with RCW 72.09.111. Those deductions include contributions to the inmates' cost of
7    incarceration. *Id.*

8    When inmates receive funds in addition to their wages and gratuities, the additional funds
9    are also subject to deductions in specified amounts (with certain exceptions not applying here).
10   RCW 72.09.480(2). These deductions include 20 percent to the DOC for the inmates' cost of
11   incarceration. RCW 72.09.480(2)(e). The statute also provides that "[t]he amount deducted from
12   an inmate's funds under subsection (2) of this section shall not exceed the department's total cost
13   of incarceration for the inmate incurred during the inmate's minimum or actual term of
14   confinement, whichever is longer." RCW 72.09.480(5).

15   In *Wright v. Riveland*, the United States Court of Appeals for the Ninth Circuit held that
16   this statutory scheme did not violate the Excessive Fines Clause. 219 F.3d 905 (9th Cir. 2000);
17   *see* RCW 72.09.111, 72.09.480. Because the cost-of-incarceration deduction advances the goal
18   of punishment, the Eighth Amendment applies. *Wright*, 219 F.3d at 916. The court held,
19   however, that those deductions do not violate the Excessive Fines Clause. *Id.* at 918.

20   The *Wright* court noted that, to determine whether a fine violates the Excessive Fines
21   Clause, the Supreme Court asks whether it is "grossly disproportional to the crime committed."
22   219 F.3d at 916 (citing *United States v. Bajakajian*, 524 U.S. 321, 336 (1998)). A 1997
23   amendment to the statute provides that DOC will not deduct an amount greater than the inmate's

24
25

REPORT AND RECOMMENDATION - 5

1 actual cost of incarceration. *Id.* at 917 (citing RCW 72.09.480(3) [now RCW 72.09.480(5)]). The court reasoned that, considering this amendment, the amount DOC deducts "appears to be directly proportional to the average cost of incarceration that the inmate will incur during his or her minimum or actual term of confinement, whichever is longer." *Wright,* 219 F.3d at 917. The court concluded that "[b]y definition, it seems that a fine based on a criminal's cost of incarceration will always be proportional to the crime committed." *Id.* (citing *United States v. Zakhor*, 58 F.3d 464, 466 (9th Cir. 1995)). Therefore, the Court held that the Secretary of DOC's enforcement of the statute did not violate the Excessive Fines Clause. *Id.*

Plaintiffs' attempts to distinguish *Wright* are unpersuasive.

First, plaintiffs appear to contend that because this Court declined to dismiss the complaint at the screening stage, the Court has already decided that it states a claim, so it should also survive a motion to dismiss. Dkt. 22, p. 3. Despite the similarities in wording between 28 U.S.C. §§ 1915(e)(2), 1915A and FRCP 12(b)(6), courts distinguish between the *sua sponte* screening of complaints and the consideration of motions that defendants bring under FRCP 12(b)(6). "[A] defendant's right to bring a motion to dismiss is not foreclosed by the issuance of a *sua sponte* screening providing that the prisoner has stated a claim." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007) (collecting cases); *see Norsworthy v. Beard*, 87 F. Supp. 3d 1104, 1111 n.4 (N.D. Cal. 2015).

Second, plaintiffs ask the Court to distinguish between the "amount" of cost-of-incarceration deductions and the "imposition" of those deductions. Dkt. 22, p. 2. They assert that, while they do not dispute the amount of the deductions, defendant is violating their constitutional rights because the deductions are "being imposed without the authority of law." *Id.*

1   This argument is meritless. Defendant has authority under the state's statutory scheme to make cost-of-incarceration deductions. *See Wright*, 219 F.3d at 916; RCW 72.09.111, 72.09.480.

Plaintiffs do not directly respond to the *Wright* holding that the statutory scheme for deducting costs of incarceration does not violate the Excessive Fines Clause. Instead, plaintiffs assert that *Wright* conflicts with the Supreme Court of Washington's decision in *In re Pierce*, 173 Wn.2d 372 (2011). Dkt. 22, p. 7. This argument lacks merit, as explained in the next section.

Third, plaintiffs contend that both the term "cost of incarceration" and the DOC's process for deducting cost of incarceration are "ambiguous," in part because DOC applies the term to both funds originating inside the prison (COI) and funds originating from outside (COIS). Plaintiffs do not identify any ambiguity in the statute: as the Supreme Court of Washington discussed in *Pierce*, the statutory scheme includes formulas for deductions from both funds received from prison work programs ("wages, gratuities, or workers' compensation benefits"), RCW 72.09.111, and funds received from outside sources, RCW 72.09.480. *See* 173 Wn.2d at 380-82. Those statutes authorize the Secretary to make both types of deduction. *Id.* at 376 n.2, 387.

Plaintiffs do not allege that defendant has deducted more than their actual costs of incarceration. *See* Dkt. 15. Plaintiffs seek to conduct discovery on this issue, again without asserting that their deductions exceed their actual costs of incarceration. Dkt. 20 ("Motion For Discovery"). That motion is addressed below.

Moreover, if defendant *has* deducted amounts greater than plaintiffs' costs of incarceration, such deductions violate RCW 72.09.480(5) and are therefore unauthorized. A § 1983 claim would therefore be unavailable, because plaintiffs would have an adequate state-law remedy. *See Wright*, 219 F.3d at 918 (holding that because Washington's grievance process and

1  tort provisions provide adequate post-deprivation remedies for unauthorized deductions from a

2  prisoner's account, "victim's compensation and cost of incarceration deductions, after passage of

3  the 1997 amendment, are not, as a matter of law, excessive").

4        Finally, plaintiff Richardson alleges that his rights were violated by deductions for costs

5  of incarceration going back to July 7, 1995. *See* Dkt. 22, Exhibit A. The court in *Wright*

6  remanded to the district court to determine whether any of the class members' deductions

7  exceeded their costs of incarceration before the amendments to RCW 72.09.480 that took effect

8  July 27, 1997. 219 F.3d at 918-19.

9        The Court should nonetheless dismiss Richardson's claim even as it relates to the period

10 from July 7, 1995, to July 26, 1997: Richardson has not alleged that deductions from his account

11 exceeded his actual cost of confinement during that (or any) period. *See* Dkt. 15, pp. 5-6. In

12 addition, it appears the limitations period has long since run out: A plaintiff in Washington must

13 bring a § 1983 claim within three years of the date the plaintiff knows or has reason to know of

14 his or her injury. *Boston v. Kitsap Cty.*, 852 F.3d 1182, 1185 (9th Cir. 2017) (citing RCW

15 4.16.080(2)); *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996) (accrual rule).

16       Accordingly, plaintiffs have failed to state a claim that defendant has violated the

17 Excessive Fines Clause.

18 B. <u>Judgment and Sentence Orders</u>

19       In addition to asserting that defendant has violated their rights under the Eighth

20 Amendment, plaintiffs allege that defendant is violating the terms of their judgment-and-

21 sentence orders. Plaintiffs' complaint alleges that defendant is in contempt of those orders, Dkt.

22 15, while their response to the motion to dismiss adds that defendant's contempt of those orders

23 violates their due process rights, Dkt. 22.

24

25

1     Assuming that plaintiffs' complaint was sufficient to place defendant on notice that they
2 were raising a due process claim, that claim nonetheless fails. To the extent that plaintiffs make a
3 state-law claim that defendant lacks authority to deduct costs of incarceration because of the
4 terms of their judgement-and-sentence orders, that claim also fails.[1]

5     In either case, plaintiffs' claim depends on an assertion that defendant lacks legal
6 authority to deduct costs of incarceration from their prison accounts. *See* Dkt. 15, p. 2; Dkt. 22,
7 p. 5. Plaintiffs contend that DOC may not deduct costs of incarceration "<u>unless</u> the Court orders
8 such punishment." Dkt. 22, p. 8 (emphasis in original). They allege that the sentencing court in
9 each of their criminal cases instead waived the cost of incarceration assessment under RCW
10 9.94A.760 (formerly RCW 9.94A.145). *See* Dkt. 15, Exhibits C, D, E.

11     In both its present and prior versions, that statute provides that the sentencing court "may
12 require the offender to pay for the cost of incarceration" if the court determines that the offender
13 "has the means to" do so "*at the time of sentencing*." *See* RCW 9.94A.760(2) (emphasis added).
14 Plaintiffs assert that the Secretary could not *later* deduct costs of incarceration under RCW
15 72.09.111 and RCW 72.09.480.

16     The Supreme Court of Washington rejected this argument in *Pierce*. Interpreting the
17 statutes together and considering their legislative history, the court held that "the costs of
18 incarceration the [DOC] collects under RCW 72.09.111 and RCW 72.09.480 are separate from
19 any costs of incarceration ordered in the judgment and sentence." *In re Pierce*, 173 Wn.2d at
20 383. It concluded that DOC "may collect costs of incarceration under RCW 72.09.111 and RCW

---

[1] This Court has supplemental subject matter jurisdiction over such a claim because it arises from the same actions by the Secretary—deductions from plaintiffs' prison accounts—and thus form part of the same "case or controversy" as plaintiffs' Eighth Amendment claims. 28 U.S.C. § 1367(a); *Jinks v. Richland County, S.C.*, 538 U.S. 456, 458 (2003).

REPORT AND RECOMMENDATION - 9

1   72.09.480 regardless of the trial court's waiver of costs of incarceration under former RCW

2   9.94A.760(2)." *Id.* at 387.

3       This Court must follow the Supreme Court of Washington's interpretations of

4   Washington state statutes. *Brown v. Ohio*, 432 U.S. 161, 167 (1977); *Carvalho v. Equifax Info.*

5   *Servs.*, LLC, 629 F.3d 876, 889 (9th Cir. 2010).

6       Plaintiffs seek to avoid the effect of the holding in *Pierce* by asserting that it conflicts

7   with the Ninth Circuit's earlier decision in *Wright*. Dkt. 22, p. 7. Plaintiffs are incorrect. As

8   described above, *Wright* held that, as amended in 1997, the Washington statutes that provide for

9   deductions from inmate accounts did not violate inmates' rights under the Excessive Fines

10  Clause. 219 F.3d at 916. The *Pierce* court held that the Secretary of DOC can make deductions

11  under those statutes even if at sentencing the trial court waived costs of incarceration under a

12  different statute. 173 Wn.2d at 387. Nothing in *Wright* undermines the holding in *Pierce*.

13      Accordingly, the Court should grant defendant's motion to dismiss plaintiffs' claim that

14  defendant lacks authority to deduct funds from their prison accounts due to the terms of their

15  judgment-and-sentence orders.

16  MOTION FOR DISCOVERY

17      Plaintiffs also filed a "motion for discovery under Rule 26." Dkt. 20 (capitalization

18  altered). They request that the Court order defendant "to provide the class plaintiffs with a

19  complete copy of each of their inmate account statement history, in which, [sic] is necessary for

20  them to prepare for trial in this matter." *Id.* (capitalization altered, asterisks omitted). Along with

21  his response arguing that the Court should deny the motion, and "[i]n an effort to at least

22  partially resolve" plaintiffs' request, defendant submitted "the official DOC account records

23  showing the total amount of COIS (and other) deductions made from each of the Plaintiffs'

24  accounts for the entire time they have been in DOC custody." Dkt. 21.

25

FRCP 26 does not provide a legal basis for a motion to compel production of documents. FRCP 37 allows a requesting party to "move for an order compelling disclosure or discovery"—but only after giving notice to other parties and attempting to confer. FRCP 37(a)(1). Plaintiffs have not propounded any discovery, nor have they certified that they attempted to confer with defendant before moving to compel discovery.

## CONCLUSION

Based on the above discussion, the undersigned recommends that the Court GRANT defendant's motion to dismiss (Dkt. 18) and dismiss plaintiff's complaint with prejudice, and DENY plaintiffs' motion for discovery (Dkt. 20).

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on **June 7, 2019**, as noted in the caption.

Dated this 22nd day of May, 2019.

Theresa L. Fricke
United States Magistrate Judge