|   |   |   |
|---|---|---|
| | UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT TACOMA | |
| KEVIN ABDUL GILBERT, et al.,<br><br>                         Plaintiffs,<br>   v.<br>STEPHEN SINCLAIR,<br><br>                         Defendant. | | CASE NO. C18-6040 BHS<br><br>ORDER ADOPTING REPORT<br>AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Theresa L. Fricke, United States Magistrate Judge, Dkt. 26, and Plaintiffs Kevin Abdul Gilbert, Syeve Richardson, and Kenneth Alston's ("Plaintiffs") objections to the R&R, Dkt. 27.

On May 22, 2019, Judge Fricke issued the R&R recommending that the Court grant Defendant's motion to dismiss Plaintiffs' complaint because Plaintiffs' claims fail as a matter of law. Dkt. 26. In relevant part, Plaintiffs allege that Defendant's action of automatically deducting money from their prison trust accounts to pay for the cost of their incarceration violates their federal and state law rights. Dkt. 15. Judge Fricke concludes that Plaintiffs' claims fail as a matter of law because they have been squarely

rejected by *Wright v. Riveland*, 219 F.3d 905 (9th Cir. 2000) and *In re Pierce*, 173 Wn.2d 372 (2011). Dkt. 26. On June 3, 2019, Plaintiffs filed objections. Dkt. 27. On June 7, 2019, Defendant responded. Dkt. 28. On June 19, 2019, Plaintiffs replied. Dkt. 29.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

Although Plaintiffs filed numerous objections, the majority of the objections go to the merits of their claims, and Judge Fricke thoroughly rejected the arguments. Because the Court agrees with the R&R, the Court declines to reconsider or address Plaintiffs' arguments a second time. Plaintiffs, however, do argue that *Wright* only addressed deductions for costs of incarceration imposed by the sentencing judge as a part of an inmate's sentence and does not allow Defendant to deduct costs of incarceration beyond those imposed during sentencing. Dkt. 27 at 3–10. Plaintiffs are incorrect as *Wright* provides in relevant part as follows:

> The Secretary is directed to pay "all court-ordered legal financial obligations" first, which includes the cost of incarceration deduction in RCW 9.94A.145. *See* [RCW] § 72.11.030. Only after legal financial obligations are satisfied can the Secretary deduct statutorily-imposed withdrawals from the inmate's account. *See id*. We note, again, that if the inmate believes his account is being overcharged, an internal prison grievance procedure or a tort claim against the state are available remedies. *See id*. § 4.92 et seq. We therefore conclude that the victim's compensation and cost of incarceration deductions, after passage of the 1997 amendment, are not, as a matter of law, excessive.

*Wright*, 219 F.3d at 918.  Thus, the court clearly addressed the constitutionality of Defendant's statutory authorization to deduct costs of incarceration separate from those imposed pursuant to an inmate's sentence.

Therefore, the Court having considered the R&R, Plaintiffs' objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) Defendant's motion to dismiss is **GRANTED**;

(3) Plaintiffs' *in forma pauperis* status is **REVOKED** for purposes of appeal; and

(4) The Clerk shall enter a JUDGMENT and close the case.

Dated this 22nd day of July, 2019.

BENJAMIN H. SETTLE
United States District Judge